UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES B. WHITE, SR.,

        Plaintiff,

        v.                                        Case No. 15-C-1457

WISCONSIN DEPARTMENT OF CORRECTIONS,
BRIAN HAYES, JULIA STARK,
and MICHAEL MCCONVILLE,

        Defendants.

---

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA
PAUPERIS (DOC. 2), SCREENING COMPLAINT UNDER 28 U.S.C. § 1915A, AND
DISMISSING COMPLAINT WITHOUT PREJUDICE

The *pro se* plaintiff is confined at the Kenosha County Detention Center. He filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's petition to proceed *in forma pauperis*. He has been assessed and paid an initial partial filing fee of $62.49.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink,* 126 F.3d 895, 900 (7th Cir. 1997). The court

may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal

2

conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff filed the complaint on December 7, 2015. He alleges that he is a Wisconsin Department of Corrections inmate confined at the Kenosha County Detention Center by way of probation of parole. According to plaintiff, he received a ten-year sentence on October 28, 1999, in case number 99CF777.[1] He alleges that he is awaiting his final revocation hearing, which is/was scheduled for January 7, 2016, and that the Wisconsin Department of Corrections is asking for an additional two years and eighteen days, if he is revoked. Plaintiff states that if the proposed sentence is imposed he would be subjected to a grand total of over eighteen years of custody and control on a ten year sentence.

---

[1] According to Wisconsin Court System Circuit Court Access, on October 28, 1999, plaintiff received a ten-year prison sentence, which was imposed and stayed, in *State of Wisconsin v. White*, Kenosha County Case Number 1999CF000777. The record states that plaintiff was revoked and sentenced to prison four times since his sentence was imposed: on December 18, 2003, on November 29, 2006, on July 1, 2010, and on July 12, 2012. *See* wcca.wicourts.gov (last visited January 27, 2016).

3

Plaintiff claims that his continued confinement violates the United States Constitution. He seeks discharge from parole, and release from the custody and control of the Wisconsin Department of Corrections. Plaintiff also requests $500,000 for his continued false imprisonment.

Because plaintiff contends that his continued incarceration violates his rights under federal law and is asking this court to direct that he be released from state custody, this case should have been brought as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Section 2254(a) provides in part that: " a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution, or laws or treaties of the United States."

To the extent that plaintiff seeks monetary damages, his claim is barred by the rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (to recover damages for allegedly unconstitutional imprisonment, plaintiff must prove his sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus).

The foregoing discussion is not a decision on the merits of any § 2254 habeas petition that plaintiff may choose to file. *See Glaus v. Anderson*, 408 F.3d 382, 389-90 (7th Cir. 2005). The plaintiff may file a new matter under 28 U.S.C. § 2254. Therefore,

IT IS ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED WITHOUT PREJUDICE.

4

IT IS FURTHER ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $287.51 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS ALSO ORDERED that a copy of this order be sent to the Warden of the institution where the inmate is confined.

IT IS FURTHER ORDERED that the Clerk's Office mail plaintiff a form Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody.

IT IS ALSO ORDERED that the Clerk's Office mail plaintiff a pro se guide, Habeas Corpus: Answers to State Petitioners' Common Questions.

Dated at Milwaukee, Wisconsin, this 2nd day of February, 2016.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U.S. District Judge